# IN THE COURT OF APPEALS OF IOWA

No. 24-0605
Filed April 23, 2025

**MARIA GUADALUPE ESPINOZA SOTELO,**
    Plaintiff-Appellant,

**vs.**

**RIVER HILLS COMMUNITY HEALTH CENTER,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Michael Carpenter, Judge.

Maria Guadalupe Espinoza Sotelo appeals the district court's grant of River Hills Community Health Center's motion for summary judgment and denial of her motion to reconsider. **AFFIRMED.**

Benjamin Bergmann, Des Moines, for appellant.

Gayla R. Harrison of Harrison, Moreland, Webber & Simplot, P.C., Ottumwa, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

Maria Guadalupe Espinoza Sotelo appeals the district court's grant of River Hills Community Health Center's (River Hills) motion for summary judgment and denial of her motion to reconsider. She argues the district court erred in concluding there were not disputed material facts relating to both her claims of negligence and negligent hiring, supervision, and retention against River Hills. For the reasons stated below we affirm the district court.

## I. Background Facts and Proceedings

We recount the facts as Espinoza alleged they occurred. Espinoza was in a serious car accident in April 2021. She was pregnant at the time of the accident and experienced a miscarriage about a month later. Hector Rodriguez, the father of her unborn child, ended the relationship with Espinoza after she became pregnant. As a result of the miscarriage, Espinoza sought mental-health counseling on June 12, 2021, at River Hills, a "women's health and behavioral health services" provider she had previously visited a number of times.

Rodriguez's sister, Maria Rodriguez (Maria R.), was the receptionist who processed Espinoza's administrative paperwork when she arrived for her appointment at River Hills. Maria R. would have been the unborn child's aunt. Maria R. "accessed [Espinoza's] registration a number of times while [Espinoza] was in the clinic from 10:20 [a.m.] to 11:40 am." Later that day, Maria R. accessed Espinoza's private medical records, took pictures of them, and sent them to her brother. Those records contained sexually transmitted infection (STI) testing reports from roughly one year before.

After viewing the records sent by his sister, Rodriguez contacted Espinoza to quote portions of her medical record to her and "mocked and harassed" her over her medical history. Espinoza reported the breach of her medical record privacy to the River Hills privacy and compliance officer on September 1. Believing that River Hills had conducted a "deficient investigation," she then filed her petition against River Hills and Rodriguez on September 30, 2022. Espinoza alleged negligence and negligent hiring, supervision, and retention. She later moved to dismiss Rodriguez from the suit, and that motion was granted.

In February 2024, the district court granted River Hills's motion for summary judgment, finding Espinoza had "not generated a genuine issue of material fact as to whether River Hills failed to act with reasonable care" and had "no evidence or facts showing that River Hills could have or should have known that Maria R. would violate River Hills's policies." Espinoza moved to reconsider, and that motion was denied.

Espinoza now appeals.

## II. Standard of Review

We review orders granting summary judgment for correction errors at law. *Feeback v. Swift Pork Co.*, 988 N.W.2d 340, 346 (Iowa 2023).

## III. Discussion

### A. Failure to Act with Reasonable Care

#### i. Res Ipsa Loquitur

Espinoza argues the district court erred in finding she "has not generated a genuine issue of material fact as to whether River Hills failed to act with reasonable

care." Espinoza first contends the district court erred in failing to address her res ipsa loquitur theory of negligence.

Res ipsa loquitur applies when "(1) the injury is caused by an instrumentality under the exclusive control of the defendant, and (2) the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used." *Brewster v. United States*, 542 N.W.2d 524, 529 (Iowa 1996) (citation omitted). As a rule of evidence, the plaintiff may plead, and the district court may submit to the jury, both specific negligence and general negligence under res ipsa loquitur. *Id.* at 530. The plaintiff must provide the defendant with sufficient notice to the defendant when they are "relying on res ipsa loquitur in addition to specific acts of negligence." *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 832–33 (Iowa 2000).

Because Espinoza's res ipsa loquitur theory fails on the merits, we assume without deciding that she gave River Hills sufficient notice of her reliance on the theory. And while we agree with the district court that this theory fails, we would not dispose of it on failure to "[plead] or assert[] this cause of action" as the district court did. *See Johnston Equip. Corp. of Iowa v. Indus. Indem.*, 489 N.W.2d 13, 17 (Iowa 1992) ("Our cases are legion which hold that a trial court may be affirmed on grounds upon which it does not rely.").

There is no doubt that Espinoza's River Hills medical charts were in the exclusive control of River Hills. But Espinoza has not alleged facts which would make negligence the only possible cause of her injury. Indeed, she alleges her injury was caused by the intentional tort of an employee of River Hills. And it does not follow that the intentional tort of a River Hills employee could *only* result from

River Hills's negligence. A River Hills employee could abuse their access to sensitive information by viewing patient data under the guise of their regular duties while, in reality, holding malicious intent. Such would not necessarily be negligence by River Hills—it certainly could be—but Espinoza needs to rely on a specific theory of negligence to spell that out. In this case, the thing does not speak for itself. Thus, res ipsa loquitur is not applicable to Espinoza's negligence claim against River Hills.

### ii. Vicarious Liability

Espinoza argues the district court erred in rejecting her claim that River Hills was liable under a theory of respondeat superior or vicarious liability. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised [to] and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Espinoza failed to preserve error under respondeat superior or vicarious liability. She argues she "pled and argued both grounds of liability" by noting that Rivers Hills was negligent in "failing to train and supervise staff,"[1] and by outlining Maria R.'s "tortious acts during" her employment. But Espinoza never alleged that Maria R. was negligent. Espinoza alleged that Maria R. intentionally and knowingly abused her access authority to reveal private medical information to an individual with no right to the information. As we previously stated, that was a knowing and malicious act, not a negligent act. If Espinoza wanted to assert vicarious liability

---

[1] Espinoza also argues she pled vicarious liability and respondeat superior by outlining Maria R.'s "tortious acts during" in her trial brief. A trial brief is not a pleading, *see* Iowa R. Civ. P. 1.401, and her description of those alleged facts, on their own, do not assert vicarious liability and respondeat superior.

and respondeat superior against River Hills based on Maria R.'s conduct, she needed to directly argue such. And noting that Rivers Hills was negligent in "failing to train and supervise staff" could be asserted against the entity itself absent from any claim of vicarious liability. Espinoza's failure to expressly plead these theories before the district court preclude us from considering them on appeal.

*B. Knowledge That Employee Would Violate Policies*

Espinoza next argues that River Hills "expressly foresaw the exact risks which caused [her] harm" and was thus "negligent in its hiring, supervision, and retention." An employer is liable for the negligent hiring, supervision, and retention of its employee if it "knew, or in the exercise of ordinary care should have known, of its employee's unfitness at the time the employee engaged in wrongful or tortious conduct" and "through the negligent supervision of the employee, the employee's incompetence, unfitness, or dangerous characteristics proximately caused injuries to the plaintiff." *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 41 (Iowa 2018) (cleaned up).

While Espinoza has alleged Maria R. is the River Hills employee that wrongfully shared her private medical record with Rodriguez, she failed to put forth any theory as to how River Hills was negligent in hiring or supervising Maria R.. She makes no assertion as to why River Hills could have expected Maria R. to be unfit for the position at the time of her hiring. Espinoza testified that she never informed River Hills of her relationship to Maria R.[2] or that she wanted to restrict

---

[2] In her summary judgment affidavit, Espinoza claims she told her therapist in the July 2021 private therapy session of the familial relation between Maria R. and Rodriquez. But it appears no employee of River Hills was informed of that relation outside of that single private therapy session.

employee access to her file. She also fails to explain how River Hills should have or did know that Maria R. was an unfit employee at the time Maria R. allegedly shared the private medical information. And Espinoza's alleged injuries would have already occurred by the time she made River Hill's aware of Maria R.'s actions.

The only argument Espinoza provides to this point is that "River Hills expressly foresaw the exact risks" that an employee could potentially leak private injury. This express foresight she describes is in reference to the facility's policy that employees "may not disclose to a third party, *including his/her own family*, information learned from medical records." (Emphasis added.) But that foresight is not specific to Maria R., and a policy prohibiting misconduct is not, in itself, evidence of negligence. Espinoza suggests that an employee's act of harm in violation of their employer's official policy expressly prohibiting such an act is prima facie evidence of the employer's negligence. We disagree with the basis of that conclusion. Additionally, such a broad assertion would disincentivize an employer from adopting such prohibitive policies in the first place.

Espinoza claims River Hills "maintained no system to actually monitor access to patient files" and "maintained no reporting requirements by their employees if they suspected an abuse." The record contains a medical chart access log showing the dates and times when Maria R. accessed Espinoza's medical records. So we know River Hills did monitor access, contrary to Espinoza's claim. True, perhaps monitoring serves recordkeeping purposes rather than to prevent illicit actions. But Espinoza fails to provide any evidence—expert or otherwise—to substantiate that River Hills was not meeting its duty.

Consequently, Espinoza has not produced sufficient evidence to create a fact question that River Hills's monitoring of access to patient records was deficient, constituting a breach of duty. Espinoza asks the court to fill in the gaps that she herself has not filled. We will not speculate as to facts or standards not specifically asserted. Conclusory statements do not create a fact question.

To summarize in the district court's words, Espinoza

> has no evidence or facts showing that River Hills could have or should have known that Maria R. would violate River Hills's policies and share [Espinoza]'s protected health information with her brother. The only evidence that would have clued River Hills into Maria R.'s lack [of] character . . . is the breach itself, which River Hills could only have learned of after-the-fact. There is no evidence of any fact that River Hills could have been aware of prior to July 12, 2021, that would have indicated Maria R.'s unfitness. While it was foreseeable that employees would leak protected health information, it was not foreseeable that Maria R. would do this. Because [Espinoza] can produce no evidence showing that River Hills knew or should have known of Maria R.'s unfitness, summary judgment should be granted.

Finding no errors of law, we affirm.

**AFFIRMED.**